**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**LARRY HUNTER and CHRIS HUNTER**                                        **PLAINTIFFS**

**v.**                                   **Case No. 4:13-cv-00511 KGB**

**INLITEN, L.L.C., OSRAM SYLVANIA, INC.,**
**and HOME DEPOT U.S.A., INC., d/b/a THE**
**HOME DEPOT**                                                           **DEFENDANTS**

**AGREED PROTECTIVE ORDER**

Before the Court are defendants' unopposed motions for Protective Order (Dkt. Nos. 13, 14). Each party and each counsel of record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined). Based on the stipulation of counsel and parties, the Court finds good cause to enter this Order.

It is hereby ordered that:

1.     In this action, at least one of the Parties has sought and/or is seeking Confidential Information as defined in Paragraph 2 below. The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions, hearings and other proceedings. The Parties assert the disclosure of such Confidential Information outside of this litigation could result in significant injury to one or more of the parties' business or privacy interests. The parties have entered into this Stipulation and request the Court to enter this Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein and prohibiting the parties from using or disclosing the Confidential Information for any purpose other than this litigation.

1

## I.     Definitions

2.     "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom and designated by one of the parties in the manner provided in Paragraph 5 below.  "Confidential Information" includes:

    a.     internal   financial,   sales,   technical,   development   or   internal operational information;

    b.     trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c); or

    c.     data in which the Producing Party (defined below) or a third party claims a common law privacy interest, statutory privacy interest, or regulatory privacy interest.

3.     "Producing Party" means the party that produces Confidential Information.

4.     "Receiving Party" means the party receiving Confidential Information.

## II.     Designation of Material

5.     Where Confidential Information is produced, provided, or otherwise disclosed by a party in response to any discovery request or otherwise, it will be designated in the following manner:

    a.     By imprinting the word "Confidential" on each page of the document produced, in such a manner as will not   interfere  with  the  legibility thereof;

    b.     With respect to electronically stored information that is not Bates numbered, by imprinting the word "Confidential" on the compact disc

(or other media) containing the material produced or by including the word "Confidential" in the file name;

c.      By imprinting the word "Confidential" next to or above any response to a discovery request; or

d.      With respect to transcribed testimony or deposition exhibits, by giving written notice to opposing counsel designating testimony or exhibits as "Confidential" no later than thirty calendar days after receipt of the final transcribed testimony or by designating on the record at the deposition such portions as "Confidential."   In order to permit time for such designation, all deposition testimony and deposition exhibits shall be treated as "Confidential" for thirty days after the date of the receipt of the final transcribed testimony.

### III.      Challenge to Designation

6.      **Information from Public and Other Rightful Sources**.  Designation of documents or information as Confidential Information shall not be effective as to information obtained from the public domain or from sources (other than the Producing Party) who were rightfully in possession of the information, regardless of whether such information is also contained in material designated as Confidential Information by a Producing Party.

7.      **Challenge to Designation.**  Any party may challenge the designation of Confidential Information within 120 days of its production.  A failure of a party to challenge expressly a designation of Confidential Information shall not constitute a waiver of the right to assert at any subsequent time that the material designated does not

constitute Confidential Information.

8.      **Procedures for Challenge.**  Any Party that disagrees with the designation of any information as Confidential Information may notify the opposing Party.  The designating Party shall then have 30 days from receipt of the notification to move the Court for an Order upholding the designation.  The burden of proving that the designation is proper shall be upon the designating party.   The designated information shall be treated as Confidential Information until the Court rules on the designating party's timely motion.  If the designating party fails to move the Court in accordance with this paragraph, or if the Court finds the designation of Confidential Information to have been inappropriate, the challenged designation shall be considered rescinded.  The parties thereafter shall not be required to treat the information as Confidential Information.

### IV.      Restrictions on the Use of Designated Material

9.      All Confidential Information provided by a Party in response to a discovery request or in transcribed testimony shall be subject to the following restrictions:

a.      It shall not be disclosed, revealed, leaked to the media, or be used for any other purpose or business whatsoever except the preparation and trial of this case;

b.      It shall not be communicated or disclosed by any party's counsel or a party in any manner, either directly or indirectly, to anyone except: (1) the Court and Court personnel, (2) mediators, (3) the author, addressee, or recipient of the document, (4) the custodian of the document, (5) employees of the entity producing the document, (6) persons (and their counsel) whom counsel for the parties believe in good faith to have,  or have had,  prior access to such

Confidential Information, (7) those individuals employed by the law firms representing the parties, (8) designated testifying or non-testifying experts, including employees of the firm with which the expert or consultant is associated to the extent necessary to assist the expert's work in this action, (9) rebuttal experts, (10) consultants, (11) necessary third party vendors for purposes of this case (e.g., copying services, electronic discovery services, stenographers, etc.); and

c.    It shall not be communicated or disclosed by the parties, their counsel and/or the persons employed by the law firms representing the parties, unless an affidavit in the form of Exhibit A has been signed by the person receiving such communications or disclosures with exception of the individuals identified by the following subsections listed in Paragraph 9(b) above: (1), (2), (3), (4), (5), (7), and (11), for whom no affidavit in the form of Exhibit A is required.

10.    Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge such information, either verbally or in writing, to any other person, entity, or government agency unless compelled to do so by Court Order or as otherwise permitted by this Protective Order.

11.    Counsel for the Receiving Party shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of such information.

12.     No copies of Confidential Information shall be made except by or on behalf

of counsel in this litigation and such copies shall be made and used solely for purposes

of this litigation and pursuant to this Protective Order.

13.     During the pendency of this litigation, counsel shall retain custody of Confidential

Information and copies made therefrom.

## V.     Motions to Seal

14.     In the event Confidential Information is used in any court filing or proceeding

in this action, including but not limited to its use at trial, it shall not lose its confidential

status as between the parties through such use.   In the event it is necessary for the

parties to file Confidential Information as well as briefs quoting or discussing confidential

information with the Court in connection with any proceeding or motion, the Confidential

Information shall be filed under seal in accordance with Court rules, policies, and procedures,

including but not limited to CM/ECF Administrative Policies and Procedures Manual for Civil

Filings IV(B).

## VI.     Disclosure of Privileged or Protected Information

15.     If documents or information subject to a claim of attorney-client privilege, work

product immunity, or any other privilege or immunity, the production of which should not

be made to any party, is inadvertently produced to such party, the procedures of Fed. R.

Civ. P. 26(b)(5)(B) shall apply.

16.     Failure to designate any information as Confidential pursuant to this

Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so

long as such claim is asserted within 30 days of discovery of the failure.   At such time,

arrangements shall be made for the return of the information that should have been

marked Confidential to the Producing Party to substitute properly labeled copies.  The party failing to designate such information as Confidential Information must notify the Receiving Party in writing of such failure.  The Receiving Party will take reasonable steps to see that the information is thereafter treated in accordance with the designation.  No person or party, however, shall incur any liability hereunder with respect to any disclosure that occurred prior to receipt of written notice of a belated designation.

### VII.    Completion of Litigation

17.    The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to modify, amend, or enforce the terms of this Protective Order.

18.    The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of this Court, continue to be binding throughout and after the conclusion of the case, including, without limitation, any appeals therefrom.  Unless all of the parties agree in writing otherwise, 45 days after receiving notice of the entry of an order, judgment, or decree finally disposing of all litigation in which Confidential Information was produced, all Receiving Parties shall assemble and return to any Producing Party or, alternatively, destroy and provide certification of destruction, all Confidential Information received directly or indirectly from the Producing Party, including all copies thereof and all summaries and/or other materials containing or disclosing such Confidential Information.  The return of such material shall be acknowledged by the Producing Party in writing.

### VIII.   Miscellaneous

19.     Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

20.     Nothing in this Protective Order shall preclude any party from challenging the Confidential Information designation of any Producing Party with the Court.

21.     Nothing in this Order shall prevent a party from seeking an Order compelling production of Confidential Information, privileged documentation, or any other documentation under the Federal Rules of Civil Procedure.

22.     Nothing in this Order shall be construed to affect the use of or admissibility of any document, material, or information at any trial or hearing.

23.     If another Court or an administrative agency subpoenas or orders production of Confidential Information which a Receiving Party has obtained under the terms of this Protective Order, the Receiving Party shall promptly notify the Producing Party before complying with said request.

24.     Notwithstanding anything to the contrary herein, any party may freely disclose its own Confidential Information material in any manner it chooses, including to third parties, without impairing the obligations imposed by this Protective Order upon others.

25.     The parties agree that this agreement does not constitute a global waiver by any party as to whether any Confidential Information is discoverable, but rather, is a mechanism by which Confidential Information that is disclosed is prevented from being used for any purpose outside this litigation by any party.

26.     The Parties and any other person subject to the terms of this Agreement, including

permitted recipients of Confidential Information pursuant to this Agreement, agree that the United States District Court for the Eastern District of Arkansas, Western Division, shall have exclusive jurisdiction over all persons producing or receiving information under this Agreement for the purpose of enforcing this Agreement.

SO ORDERED this 10th day of February, 2014.

_____

Kristine G. Baker
United States District Judge

**EXHIBIT A TO AGREED PROTECTIVE ORDER**

**AGREEMENT CONCERNING MATERIAL COVERED BY AN ORDER
ENTERED IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

The undersigned hereby acknowledges that he or she has read the attached Agreed Protective Order entered in the United States District Court for the Eastern District of Arkansas, Western Division, in the action entitled *Larry Hunter and Chris Hunter, plaintiffs, v. Inliten, L.L.C., OSRAM Sylvania, Inc., and Home Depot U.S.A, Inc., d/b/a The Home Depot, defendants,* Case No. 4:13-cv-00511 KGB, and understands the terms thereof and agrees to be bound by such terms.

Dated: _____

_____
Signature

_____
Typed or printed name